BONZ *v.* BONZ.

FRAUD—CONTRACTS—EVIDENCE—CONCEALMENT.

> A decree canceling a contract and deed on the ground of fraud is warranted by evidence tending to show that defendant, as a part of the consideration for the contract, agreed to contribute a specified sum to the support of his mother during her life, that complainant, his brother, did not know that, in fact, the mother was dangerously ill with blood poisoning at the time, and although defendant knew of her illness, he concealed the circumstance; and while the evidence as to active fraud was contradictory, the decree of the circuit court, whose opportunity to see and hear the witnesses testify afforded it a peculiar advantage, is affirmed.

Appeal from Emmet; Shepherd, J. Submitted February 15, 1911. (Docket No. 104.) Decided March 13, 1911.

Bill by Charles Emil Bonz and Nellie Bonz against Milton M. Bonz for the cancellation of a contract. From a decree for complainants, defendant appeals. Affirmed.

*Frost & Sprague* (*Halstead & Halstead*, of counsel), for complainants.

*Pailthorp & Hackney* (*Wade B. Smith*, of counsel), for defendant.

HOOKER, J. George August Bonz died, leaving a will which gave and devised to his wife $300 per year, to be paid annually by the executors during her life, with the use of the homestead and furniture. His son Frederick was given a parcel of land, and the remainder of the estate was given to his three sons, Milton, Frederick, and Charles Emil, share and share alike. Frederick and Milton were named therein as executors, and they were appointed and qualified. Negotiations were had between Milton and Emil, which culminated in an arrangement by which Milton was to purchase Emil's interest in the property upon a valuation, less his share of the amount required for the support of his mother, which Milton was

to undertake, and was to secure by mortgage to his mother, viz., the payment by him of $25 a month during her life. A meeting was had on October 12th to arrange the deal, and a substantial agreement was reached, excepting as to the amount that Emil should allow for his mother's protection, which seems to have been understood to depend upon her expectancy. This was arranged later between counsel, and on October 22d complainants' counsel went to Petoskey, where the matter was closed up and the papers were delivered. The mother died on October 25th, three days after the delivery of the papers. The bill in this case is filed by Emil for cancellation of the contract and deed, upon the ground of fraud on the part of Milton, in concealing, if not misrepresenting, the condition of the mother; and defendant has appealed from a decree in accordance with the prayer of the bill.

It is claimed that the expectancy agreed upon was about 13 years, while at the time of the negotiations the mother was seriously ill, and complainants charge that her condition was misrepresented on October 12th and concealed at the time the transaction was closed. There are circumstances in the case which are consistent with the charge complainants make, while it is evident that the agreement to care for the mother was a most profitable venture, to say the least, in view of her almost immediate death. This is one of those cases where the opportunity of seeing and hearing the witnesses testify is an important consideration. There is a contradiction by the witnesses as to the representations; but we think that the circuit judge might well find that the ·defendant must have known that his mother was unlikely to recover at the time the transaction was closed, and that he should have made the fact known.

The decree is therefore affirmed, with costs.

Moore, McAlvay, Brooke, and Blair, JJ., concurred.